Affirmed and Opinion filed February 5, 2004









Affirmed and Opinion filed February 5, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00202-CR 

NO.
14-03-00203-CR 

NO.
14-03-00204-CR 

NO.
14-03-00205-CR

____________

 

PABLO PAUL SALAZAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 908,024,
908,025, 908,026, 908,027

 



 

O P I N I O N

Appellant, Pablo Salazar, appeals from his conviction of
four counts of aggravated sexual assault. 
Each of the four complainants were girls under fourteen years of
age.  A jury found appellant guilty and
assessed punishment at eighteen years= confinement and a $1,000 fine
in each case.  In seven issues, appellant
contends the trial court erred (1) in refusing to permit his expert witness to
testify, (2) in permitting two of the State=s witnesses to testify, and (3)
in refusing to sever the cases.  We
affirm








Background

Appellant was accused of sexually molesting four girls who
were his step-granddaughters.  All of the
allegations span a three month period, and all of the alleged assaults occurred
at appellant=s property when the girls were
visiting.  Each of the girls alleged
similar conduct on the part of appellant, namely the touching or penetration of
their genitals by appellant=s fingers.  On at least one occasion, two or more of the
girls were present during an assault.

The trial court denied appellant=s motion to sever and all four
of the counts were tried together. 
During the guilt/innocence phase of the trial, appellant sought to
introduce the testimony of Dr. Jerome Brown, a psychologist, regarding a
particular method of evaluating interviewing techniques used on possible child
victims of sexual abuse.  The method
called Acontent-based criteria analysis@ focuses on whether the
interviewer=s questions were leading or
suggestive and whether the child victim=s memory of events could
thereby have been altered.  After a
hearing, the trial court excluded the testimony.  During the punishment phase of the trial,
appellant requested that the court hold a hearing to determine the admissibility
of expert testimony from Roger Mora, a counselor who had treated one of the
complainants, and Dr. Renee Vandervennet, a counselor
who had treated two of the other complainants. 
The trial court admitted their testimony as fact witnesses without
holding a hearing.  Additionally, the
court overruled appellant=s hearsay objections regarding
portions of Mora=s and Vandervennet=s testimony.

Exclusion of Dr. Brown








In his first three issues, appellant contends that the trial
court erred, and violated his constitutional rights to present a defense, by
excluding testimony from his expert witness, Dr. Jerome Brown.  We review the exclusion of evidence under an
abuse of discretion standard and will not reverse the trial court=s ruling so long as it is
within the zone of reasonable disagreement. 
See Sexton v. State, 93 S.W.3d 96, 99 (Tex. Crim.
App. 2002).  Rule 702 of the Texas Rules
of Evidence states A[i]f
scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a
fact in issue, a witness qualified as an expert by knowledge, skill,
experience, training, or education, may testify thereto in the form of an
opinion or otherwise.@  Tex.
R. Evid. 702.  Under Rule 702, the
proponent of scientific evidence must show, by clear and convincing proof, that
the evidence is sufficiently reliable and relevant to assist the jury in
understanding other evidence or in determining a fact issue.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).

In the present case, both parties agree that Brown=s proffered testimony concerned
a so-called Asoft science.@  The reliability of such testimony may be
established by showing that (1) the field of expertise is a legitimate one, (2)
the subject matter of the proposed testimony is within the scope of that field,
and (3) the testimony properly relies upon the principles involved in the
field.  Id.  Various factors have been used to aid in the
reliability determination.  See, e.g.,
Nenno v. State, 970 S.W.2d 549, 560-61 (Tex. Crim. App. 1998).  In
Nenno, the court cautioned that there is no Arigid distinction@ between the different possible
types of expert testimony, e.g. Ahard science,@ Asoft science,@ or nonscientific.  Id. 
Instead the inquiry must be a flexible one, drawing upon the various
factors to fit the needs of each case.  See
id.








Brown=s proposed testimony relied
largely on a particular theory or technique, which he identified as Acontent-based criteria
analysis.@[1]  In Kelly v. State, 824 S.W.2d 568
(Tex. Crim. App. 1992), the Court of Criminal Appeals
listed certain factors for use in determining the validity of scientific
theories and techniques, including: (1) acceptance by the relevant scientific
community, (2) qualifications of the expert, (3) literature concerning the
technique, (4) the potential rate of error of the technique, (5) the
availability of other experts to test and evaluate the technique, (6) the
clarity with which the underlying theory or technique can be explained to the
court, and (7) the experience and skill of the person applying the
technique.  Id. at 573.  We will use these factors as the general
framework for our analysis of Brown=s proposed testimony, although
they will not necessarily all be applicable.

Brown=s qualifications were not
contested by the State.  He identified
himself as a psychologist specializing in, among other things, sex offender
treatment.  He further stated that about
15 percent of his practice was with sexual abuse victims and that he had been
called upon a number of times to evaluate sexual allegations made by
children.  He discussed in a very general
way the existence of literature regarding how children=s memories can be influenced or
altered.  He then specifically discussed
the methodology that he liked to use, namely content-based criteria
analysis.  He acknowledged that it was a Aproposed methodology@ still being researched.  He further admitted that a lot of the data on
the methodology was conflictual but that he found it
promising and worthy of further research. 
He also confirmed that the research on the methodology was not conducted
using actual abuse victims and that the studies had not yet been duplicated to
confirm the results.  Therefore, based on
Brown=s own testimony, the trial
court could have reasonably concluded that content-based criteria analysis was
not generally accepted by the relevant scientific community, that study of the
technique was still ongoing and far from complete, and that the potential for
error in using the analysis was still great. 
Furthermore, the explanation of the methodology was very basic.  For these reasons, the trial court could have
reasonably determined that Brown=s testimony was not
sufficiently reliable and thus was inadmissible.  See Nenno,
970 S.W.2d at 560-61.








To be admissible, expert testimony must also be
relevant.  See Jordan v. State,
928 S.W.2d 550, 555 (Tex. Crim. App. 1996).  To be relevant, expert testimony must make an
effort to tie pertinent facts of the case to the scientific principles, which
are the subjects of the testimony, so as to be helpful to the trier of fact.  Id.  In Jordan, the appellant offered an
expert on eyewitness identification.  The
court of appeals affirmed the trial court=s exclusion of the evidence
based on the expert=s failure to testify regarding
certain facts related to eyewitness reliability, including the length of time
the appellant was viewed by the witnesses and lighting conditions at the
time.  Id. at 555-56.  The Court of Criminal Appeals reversed,
stating 

The question under Rule 702 is
not whether there are some facts in the case that the expert failed to take
into account, but whether the expert=s testimony took into account
enough of the pertinent facts to be of assistance to the trier
of fact on a fact in issue.

Id.
at 556.

In the present case, Brown exhibited no knowledge of the
facts and did not attempt to relate or apply content-based criteria analysis to
the particular facts.  Brown did not
offer an analysis of either the techniques used by the interviewers or the
potential impact the techniques may have had on the children.  Instead, Brown=s testimony was explicitly
offered solely as educational material for the jury to use in assessing the
complainants= credibility.  Accordingly, the testimony was not
sufficiently tied to the facts of the case and thus was not relevant.  See id. at 555.[2]

Brown=s testimony was neither
reliable nor relevant as those terms have been defined by the Court of Criminal
Appeals.  See Nenno,
970 S.W.2d at 560-61; Jordan, 928 S.W.2d at 555.  Accordingly, we find the trial court=s exclusion of the evidence was
within the zone of reasonable disagreement. 
See Sexton, 93 S.W.3d at 99. 
Appellant=s first issue is
overruled.  In his second and third
issues, appellant argues the exclusion of Brown=s testimony denied him his
constitutional rights to present a defense. 
See U.S. Const.
amend. XIV; Tex. Const. art. I, ' 1, 9.  However, these issues are based solely on his
claim that the trial court erred in excluding the evidence under Rule 702.  Because we have held the court did not so
err, we overrule these issues as well.

 








Inclusion of Roger Mora & Dr. Vandervennet

In his fourth and fifth issues, appellant contends that the
trial court erred in admitting the testimony of Roger Mora and Dr. Renee Vandervennet during the punishment phase of the trial.  Mora and Vandervennet
are both counselors who treated one or more of the complainants after the
assaults occurred.  During the punishment
phase, appellant requested that the trial court hold a hearing regarding the
admissibility of expert testimony from these two witnesses.  The State responded by stating that Mora and Vandervennet were being called as fact witnesses and that
only Dr. Jennifer Welch was being called as an expert in the punishment phase.[3]  The trial court then declined to hold a
hearing on the admissibility of their testimony.

Failure to hold a hearing regarding expert testimony is not
error when no expert testimony is presented. 
The possibility that Mora and Vandervennet may
have specialized knowledge that could qualify them to give expert testimony
does not mean that every statement they make is as an expert.  To the contrary, even someone with
specialized knowledge in a particular field may testify as a lay witness to
matters they have personally observed.  See
Osbourn v. State, 92 S.W.3d 531, 536 (Tex. Crim. App. 2002).[4]








The vast majority of both Mora=s and Vandervennet=s brief testimony involved
factual accounts of counseling sessions with certain of the complainants,
including statements made by the complainants during these sessions.  Generally speaking, the testimony was as the State
had represented: a matter of facts and observations and not of expert
opinions.  At no point during Mora=s testimony did defense counsel
object that the witness was offering an expert opinion.  Thus, to the extent that Mora may have
offered an expert opinion during his testimony, any error in its admission was
not preserved.  See Tex. R. App. P. 33.1(a).

During Vandervennet=s testimony, the following
exchange occurred:

[Prosecutor:]                   And have you seen any
improvement in those feelings and how she=s expressed them during the course of
your therapy?

[Vandervennet:]      Slight improvement andCslight improvement in being
scared.  She=s beenCyeah. 
The improvements that I=ve noticed, she=s been exceptionalC

[Defense counsel:] I object. 
This is outsideCshe=s expressing her opinion.  She has to be qualified to testify as to
that.

The Court:             Overruled if the issue is what are
the observations.

[Prosecutor:]                   Right.

The Court:             Go ahead.

[Prosecutor:]                   What
observations have you seen regarding improvement that [complainant] has made.








Vandervennet then answered the question at
length.  Defense counsel, apparently
comfortable that the new phrasing of the question and the answer did not
encompass expert testimony, did not renew his objection.  Thus, to the extent that the testimony could
have been considered an expert opinion, any error in its admission was not
preserved.  See Williams v. State,
840 S.W.2d 449, 461-62 (Tex. App.CTyler 1991, pet. ref=d) (holding failure to renew
objection when prosecutor asked substantially similar question waived any
error); see also Johnson v. State, 975 S.W.2d 644, 653-54 (Tex.
App.CEl Paso 1998, pet. ref=d) (same); Short v. State,
681 S.W.2d 652, 655 (Tex. App.CHouston [14th Dist.] 1984, pet.
ref=d) (same).  Because we find the trial court did not err
in refusing to hold a hearing as requested, and no complaints were preserved
regarding any expert opinions that may have been subsequently rendered by Mora
or Vandervennet, we overrule appellant=s fourth and fifth issues.

In his sixth issue, appellant contends the court erred in
admitting hearsay testimony from Mora and Vandervennet
in violation of his constitutional rights to confrontation and
cross-examination.  See U.S. Const. amend. XIV.  Both Mora and Vandervennet
testified regarding statements made by complainants during the counseling
sessions.  The State also offered, and
the court admitted, the two counselors= session notes.  Defense counsel objected to the notes and the
testimony as hearsay.  See Tex. R. Evid. 802.

We find appellant=s hearsay complaints to be
without merit.  The State argues that the
objected-to statements are admissible under the exception in Rule 803(3) of the
Texas Rules of Evidence.  That section
states:

Then Existing Mental,
Emotional, or Physical Condition.   A statement of the declarant=s then existing state of mind,
emotion, sensation, or physical condition (such as intent, plan, motive,
design, mental feeling, pain, or bodily health), but not including a statement
of memory or belief to prove the fact remembered or believed unless it relates
to the execution, revocation, identification, or terms of declarant=s will.








Tex. R. Evid. 803(3).[5]  Thus, hearsay testimony regarding the declarant=s emotion or Amental feeling@ is admissible so long as it
does not include a statement of memory or belief to prove the fact remembered
or believed.  See Glover v. State,
102 S.W.3d 754, 762-63 (Tex. App.CTexarkana 2002, pet. ref=d) (holding statements were not
admissible under Rule 803(3) because they went beyond statements of declarant=s emotional state to describe
past acts).  Mora testified that the
complainant he treated told him that she couldn=t believe the incident happened
and that she was afraid, angry, and sad.  Vandervennet
testified that one of the complainants she treated stated that she was Avery, very frightened,@ that she blamed herself, and
that she was angry, sad, scared, and felt helpless and alone.  Vandervennet
further testified that the other complainant she treated expressed feeling sad,
scared, embarrassed, and nervous.  The
complainant also stated that she was worried that they wouldn=t win in court and that she was
mad at her grandfather.  Each of these
statements concerns the declarant=s then existing emotional
condition or mental feeling.  Thus, the
hearsay testimony was admissible under Rule 803(3).  Cf. Martinez v. State, 17 S.W.3d 677,
688 (Tex. Crim. App. 2000) (holding declarant=s statement she was afraid fit
exception in 803(3)).[6]








Mora, however, also testified that the complainant he
treated told him she had been experiencing nightmares.  To the extent this hearsay testimony does not
fall under the mental condition exception, the trial court erred in admitting
it.  We must therefore conduct a harm
analysis.[7]  Because admission of hearsay evidence
implicates a defendant=s right to confront the
witnesses against him, we must reverse the conviction unless we determine
beyond a reasonable doubt that the error did not contribute to the jury=s finding on punishment.  See Tex.
R. App. P. 44.2(a); Simpson v. State, 119 S.W.3d 262, 269 (Tex. Crim. App. 2003). 
The statement at issue was extremely fleeting and occurred just once
within a laundry list of other admissible statements concerning complainant=s mental condition.  In light of the evidence regarding appellant=s guilt and the evidence
properly admitted regarding the impact of the crime on the victims, we find
beyond a reasonable doubt that the admission of the statement regarding
nightmares did not contribute to the jury=s finding on punishment.  Accordingly, appellant=s sixth issue is overruled.

Severance

In his seventh issue, appellant contends that the court
erred in refusing to sever the allegations of the four complainants for
separate trials.  Generally, a trial
court may consolidate cases for trial when the charged offenses arise out of
the same Acriminal episode.@  See Tex.
Pen. Code Ann. ' 3.02 (Vernon 2003).  A Acriminal episode@ is defined as

the commission of two or more
offenses, regardless of whether the harm is directed toward or inflicted upon
more than one person or item of property, under the following circumstances:

(1) the offenses are committed
pursuant to the same transaction or pursuant to two or more transactions that
are connected or constitute a common scheme or plan;  or

(2)
the offenses are the repeated commission of the same or similar offenses.

Id.
' 3.01.  However, a defendant generally has the right
to demand that cases consolidated under section 3.02 be severed for trial.  See id. ' 3.04(a).  This right is limited, in turn, by section
3.04(c), which states that A[t]he right to severance . . .
does not apply to offenses described by Section 3.03(b)(2) unless the court
determines that the defendant or the State would be unfairly prejudiced by a joinder . . . .@  Id. ' 3.04(c).  Section 3.03(b)(2) states in relevant part:

If the accused is found guilty of more
than one offense arising out of the same criminal episode, the sentences may
run concurrently or consecutively if each sentence is for a conviction of:

. . . .








(2) an offense:

(A)
under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim
younger than 17 years of age at the time of the commission of the offense
regardless of whether the accused is convicted of violations of the same
section more than once or is convicted of violations of more than one section .
. . .

Id.
' 3.03(b).

Specifically, appellant argues that the language of section
3.03(b)(2)(A) limits its application to offenses committed against a single
victim, as opposed to the multiple victims, as in the present action.[8]  Both parties agree that this issue is a
matter of first impression.  Indeed, we
have found no other cases considering this exact argument.  However, the language of the statute itself
defeats the argument.








In construing a statute, we must give effect to the plain
meaning of the text unless the text is ambiguous or the plain meaning would
lead to absurd results.  Parfait v.
State, 120 S.W.3d 348, 349 (Tex. Crim. App.
2003).  Once again, section 3.03(b)
provides A[i]f
the accused is found guilty of more than one offense arising out of the same
criminal episode, the sentences may run concurrently or consecutively if each
sentence is for a conviction of [an offense] under Section . . . 22.021 . . .
against a victim younger than seventeen years of age . . . .  Tex.
Pen. Code Ann. ' 3.03(b) (emphasis added).[9]  Thus, the statute requires that Aeach sentence@ be for an offense against Aa victim younger than 17 years
of age.@  There is no language in the section
supporting appellant=s preferred interpretation that
all of the sentences must be for offenses against the same victim.  To the contrary, so long as the victim of
each of the offenses was under 17, the requirements of the statute=s plain language are clearly
met.  Cf. Prudhomme
v. State, 47 S.W.3d 683, 691-92 (Tex. App.CTexarkana 2001, pet. ref=d) (interpreting section
3.03(b)(2)(A) as applying when the alleged offenses were against multiple
complainants); Hill v. State, No. 12-01-00356-CR, 2003 WL 292316 (Tex.
App.CTyler February 12, 2003, no
pet.) (not designated for publication) (same). 
This interpretation is bolstered by the fact that a criminal episode is
defined in section 3.01 to potentially encompass offenses against more than one
person.  See Tex. Pen. Code Ann. ' 3.01.  In sum, we find the fact that appellant was
charged with crimes against more than one complainant did not render joinder of the cases improper.

Appellant additionally argues that even if the statute
permits joinder, it was unfairly prejudicial against
him in this case.  Specifically, he
states that because the charged offenses involved multiple complainants, the
State was permitted to introduce evidence that would not have been admissible
in separate trials.

We find this argument to be without merit.  The test for whether a trial court properly
ruled on a motion to sever, when that determination is left to the trial court
by statute, is abuse of discretion.  Cf.
Howard v. State, 888 S.W.2d 166, 170-71 (Tex. App.CWaco 1994, pet. ref=d).[10]  There is no presumption that the joinder of cases involving aggravated sexual assault
against different children is unfairly prejudicial.  See Diaz v. State, No. 01-02-01094-CR,
slip op. at 2, 2003 WL 22999550, at *2 (Tex. App.CHouston [1st Dist.] Dec. 18,
2003, no pet. h.).  Evidence of other
crimes is not admissible to prove the character of a person to show he acted in
conformity therewith, but it may be admissible for other purposes.  See Tex.
R. Evid. 404(b).








To be admissible, evidence must be relevant to some material
issue in the case and not simply proof of character conformity.  Moses v. State, 105 S.W.3d 622, 626
(Tex. Crim. App. 2003).  The ultimate test is whether the probative
value of the evidence substantially outweighs its prejudicial effect.  Id. 
In the present case, appellant=s defense consisted primarily
of (1) denying that the conduct occurred, (2) suggesting that the girls
concocted the allegations to hide the fact that appellant caught two of them
doing something (of a sexual nature) they should not have been doing, (3)
claiming that the allegations were the result of suggestive questioning by
investigators, and (4) presenting evidence of appellant=s good character.  It is well-established that evidence of other
crimes may be admitted if it rebuts a defensive theory.  See, e.g., id. at 627; Wolfberg v. State, 73 S.W.3d 441, 443 (Tex.
App.CHouston [1st Dist.] 2002, pet.
ref=d).  Therefore, even if the cases had been tried
separately, it is likely that in each case the testimony of the other victims
would have been admissible to refute the defensive theories that the
complainants concocted the story and that the allegations were the result of
suggestive questioning.  See, e.g., Castoreno v. State, 932 S.W.2d 597, 600 (Tex. App.CSan Antonio 1996, pet. ref=d) (stating evidence of
extraneous acts was admissible to rebut defensive theory that the defendant was
being framed).  Accordingly, we find that
the trial court could have reasonably found that joinder
of the cases was not unfairly prejudicial against appellant; thus, the court
did not abuse its discretion in trying the cases together.  See Moses, 105 S.W.3d at 627; Howard,
888 S.W.2d at 170-71.  Appellant=s seventh issue is overruled.

The trial court=s judgment is affirmed.

 

 

 

/s/      Adele
Hedges

Chief Justice

 

 

 

 

Judgment rendered and Opinion
filed February 5, 2004.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Publish C Tex. R. App. P. 47.2(b).











[1]  Brown
indicated that the entirety of his testimony would not be based on this
technique, but it is clear from the record that the technique would have played
a substantial roll in his testimony. 
There was no offer by defense counsel or Brown to limit his testimony so
as to exclude reliance on the technique. 
Accordingly, we consider his use of the technique a vital element in
assessing the reliability of his testimony.





[2]  In his brief,
appellant confuses the general with the specific.  Although Brown=s
testimony was generally relevant to the credibility of child
complainants in sexual assault cases, Jordan clearly requires the testimony be specifically
tied to the facts of the case and not simply an academic discussion on a field
of study.  928 S.W.2d at 555-56.





[3]  On appeal,
appellant does not attack the admission of Welch=s
testimony.





[4]  As the Court
of Criminal Appeals explained in Osbourn

 

When a witness who is capable of being qualified as an
expert testifies regarding events which he or she personally perceived, the
evidence may be admissible as both Rule 701 opinion testimony and Rule 702
expert testimony.  A person with
specialized knowledge may testify about his or her own observations under Rule
701 and may also testify about the theories, facts and data used in his or her
area of expertise under Rule 702. . . . 
Thus, although police officers have training and experience, they are
not precluded from offering lay testimony regarding events which they have
personally observed.  [& ]  A distinct
line cannot be drawn between lay opinion and expert testimony because all
perceptions are evaluated based on experiences. 
However, as a general rule, observations which do not require
significant expertise to interpret and which are not based on a scientific
theory can be admitted as lay opinions if the requirements of Rule 701 are
met.  This is true even when the witness
has experience or training. 
Additionally, even events not normally encountered by most people in
everyday life do not necessarily require the testimony of an expert.  The personal experience and knowledge of a
lay witness may establish that he or she is capable, without qualification as
an expert, of expressing an opinion on a subject outside the realm of common
knowledge.  It is only when the fact‑finder
may not fully understand the evidence or be able to determine the fact in issue
without the assistance of someone with specialized knowledge that a witness
must be qualified as an expert.

 

92 S.W.3d at 536-37 (citations omitted).





[5]  The declarant=s availability is immaterial to application of this
exception.  See Tex. R. Evid. 803. 





[6]  There are two
mentions in the counselors= testimony that the girls were sexually abused.  Defense counsel objected to the mention
during Mora=s testimony, the objection was sustained, and the
court instructed the jury to disregard. 
The mention during Vandervennet=s testimony was not objected to; thus, nothing was
preserved for appellate review.  Tex. R. App. P. 33.1 (a).





[7]  The statement
may have been admissible under the exception in Rule 803(4) for statements made
for purposes of medical diagnosis or treatment. 
Texas courts, as well as others across the nation, have disagreed as to
whether this exception should be restricted to statements to medical doctors or
whether statements to others, such as mental health counselors, should be
included as well.  Compare Perez v.
State, 113 S.W.3d 819, 827-31 (Tex. App.CAustin
2003, pet. filed) (holding statements made to counselor were inadamissible), with Punderbaugh
v. State, 31 S.W.2d 683, 685-86 (Tex. App.CBeaumont
2000, pet. ref=d) (holding statements to counselor were
admissible).  See generally Barbara E. Bergman & Nancy Hollander,
Wharton=s Criminal Evidence ' 6:23 (15th ed. 1998) (discussing cases from other
jurisdictions).  Because we find that the
admission of such testimony in this case, even if error, was harmless, we need
not wade into this debate.





[8]  Although
appellant did not make this exact argument in the trial court, he did move for
severance on the basis that joinder of the cases was
unfairly prejudicial because the cases did not arise out of the same
transaction, and the cases involved different complainants.  For purposes of our discussion, we assume
without deciding that this objection was sufficient to preserve appellant=s arguments.





[9]  Appellant was
convicted on four counts of aggravated sexual assault under section 22.021.  Tex.
Pen. Code Ann. ' 22.021.  It is
undisputed that the complainant in each case was under 17 years of age.





[10]  The court in Howard
considered a motion for severance made under a section of the Texas Health
& Safety Code, and it relied on our pronouncement, in Harvey v. State,
821 S.W.2d 389, 392 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d), that the appropriate standard of review for a
trial court=s decision in a matter left statutorily to the
discretion of the trial court is abuse of discretion.  Howard, 888 S.W.2d at 170-71.  Penal Code
section 3.04(c) assigns to the trial court the determination of whether unfair
prejudice would result from joinder.  See Tex.
Pen. Code Ann. ' 3.04(c).